# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

The Washington-Baltimore News Guild, Local 32035, TNG-CWA )
1225 I Street NW, Suite 300 )
Washington, DC 20005, )
                )
      *Plaintiff,* )
                )
v. )
                )
WP Company LLC, d/b/a The Washington Post )
1301 K Street NW )
Washington, DC 20071 )
                )
                )
      *Defendant.* )

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Washington-Baltimore News Guild, Local 32035, TNG-CWA ("Guild" or "Union"), by

and through its undersigned counsel, brings this Complaint for Declaratory Judgment against

Defendant The Washington Post ("Employer" or "Post") pursuant to Section 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185 et seq., Federal Rule of Civil Procedure

57, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and alleges as follows:

## NATURE OF ACTION

1. This action arises out of a contract dispute concerning whether the 1989 Settlement

   Agreement ("Settlement Agreement") between the parties, dated February 27, 1989, was

   lawfully terminated by the Guild effective June 1, 2026, following written notice provided

1

on March 26, 2026. The Post has refused to recognize the contract termination, asserting that the Settlement Agreement remains in full force and effect and may only be terminated by mutual written agreement, and has claimed that the Guild violated the Settlement Agreement by its notice of termination. The Guild maintains that the Post violated the Settlement Agreement by refusing to acknowledge the termination of the Agreement, and by maintaining that the Settlement Agreement continues to be in effect.  The Guild seeks a declaratory judgment to resolve the controversies.

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Section 301 of the LMRA, 29 U.S.C. § 185, as this action arises under federal labor law and the Settlement Agreement is a contract within the meaning of Section 301.

3.  The venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant is headquartered and does business in the District of Columbia and the events giving rise to this action occurred in the District of Columbia.

4.  This Court has authority under the Declaratory Judgment Act to declare the parties' legal rights under the Settlement Agreement, including the existence of any contract breach and the effectiveness of the Agreement's termination.

**PARTIES**

4. Plaintiff Washington-Baltimore News Guild, Local 32035, TNG-CWA is a labor organization within the meaning of the LMRA, with its principal office located at 1225 I Street NW, Suite 300, Washington, DC 20005. The Guild is the exclusive collective bargaining representative of a bargaining unit of employees employed by the Post that is covered by the Settlement Agreement.

5. Defendant The Washington Post is a newspaper and media company headquartered at 1301 K Street NW, Washington, D.C. 20071, engaged in the publication and distribution of news content in print and digital formats. The Post is an employer within the meaning of the LMRA.

**FACTS**

6. On February 27, 1989, the Post and the Guild entered into a Settlement Agreement to resolve unfair labor practice charges that the Guild had filed with the National Labor Relations Board between 1986 and 1987 (Cases 5-CA-18575, 5-CA-18614, and 5-CA-19108) (the Settlement Agreement is attached as Exhibit A).

7. The Settlement Agreement referenced the Guild's right to receive certain non-name-linked salary data from the Post, to be used for collective bargaining, expressly without waiving the Guild's rights under the NLRA.

8. The Settlement Agreement, section 16, provides:

> This Agreement shall continue in full force and effect unless or until it is modified or terminated in writing by mutual agreement of all parties hereto.

3

9. The Settlement Agreement is a contract of indefinite duration within the meaning of federal labor law.

10. On March 26, 2026, Guild Representative Evan Yeats sent written notice to Post Representative John B. "Jay" Kennedy, Vice President, General Counsel & Labor (the notice is attached as Exhibit B). The notice informed the Post that the Guild was terminating the Settlement Agreement effective June 1, 2026.

11. The notice stated, in relevant part:

> With this notice, the Washington-Baltimore News Guild (TNG-CWA Local 32035) informs the Post that we are terminating the agreement between the parties dated February 28, 1989 (commonly referred to as "the 1989 settlement agreement" or the "Post information settlement agreement") as of June 1, 2026. This notice is made in accordance with Section 8(d) of the National Labor Relations Act.

12. By letter dated April 6, 2026, Kennedy refused to acknowledge the termination and asserted that the Settlement Agreement remains in full force and effect (Exhibit C). Kennedy argued, among other things, that the Settlement Agreement can only be terminated by mutual written agreement of all parties, which the Post had not provided, and accused the Guild of violating the Settlement Agreement by its notice. Kennedy's response stated, in relevant part, that "the Settlement Agreement remains in effect; the Guild cannot wish away its contractual obligations" and that "the Guild has no ability to unilaterally terminate the Settlement Agreement," which "remains in effect unless or until it is modified or terminated in writing by mutual agreement of all parties hereto."

13. On April 23, 2026, Guild Representative Evan Yeats responded to the Post's April 6 letter, categorically rejecting the Post's position (Exhibit D). The Guild's response reiterated that,

under well-established federal law, a contract of indefinite duration may be terminated by either party upon reasonable notice, and that the Guild's March 26, 2026 notice constituted such notice as it provided more than sixty days' notice prior to the June 1, 2026 effective termination date (Exhibit D). The Guild's April 23 response further stated that the Post's refusal to acknowledge the termination was itself a breach of the Settlement Agreement as construed under federal law, and reaffirmed that, consistent with the Guild's termination notice, the Settlement Agreement ceased to have any force or effect as of June 1, 2026.

14. The Post's continued assertion that the Settlement Agreement remains operative, combined with the Guild's position that it has been lawfully terminated, along with the respective parties' allegations of contract breach, creates an actual controversy between the parties requiring judicial resolution.

## COUNT I

### Declaratory Judgment

15. The Guild repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 14 above as if fully set forth herein.

16. An actual controversy exists between the parties as to whether the Settlement Agreement was breached by the respective parties' actions and whether the Agreement was lawfully terminated effective June 1, 2026.

17. Federal courts have consistently held that labor contracts of indefinite duration are subject to termination upon reasonable notice, as a matter of federal labor policy. The Guild's

March 26, 2026 notice, provided more than sixty days before the proposed termination date of June 1, 2026 constituted reasonable and effective notice of termination.

18. The Guild did not violate the Settlement Agreement by providing the notice. The provision of reasonable notice of termination is consistent with federal law governing contracts of indefinite duration.

19. The Post violated the Settlement Agreement, as construed under federal law, by refusing to recognize the lawful termination of the Settlement Agreement following receipt of the Guild's reasonable notice.

20. The Guild is entitled to a declaratory judgement that: (a) the Settlement Agreement terminated and is no longer in force and effect as of June 1, 2026; (b) the Guild did not violate the Settlement Agreement by providing reasonable notice of termination; and (c) the Post violated the Settlement Agreement by refusing to recognize the termination.

**PRAYER**

WHEREFORE, Plaintiff Washington-Baltimore News Guild respectfully requests that this Court enter judgment in its favor and against Defendant the Washington Post as follows:

21. Declare that the 1989 Settlement Agreement is terminated and is no longer in force and effect as of June 1, 2026, based upon the Guild's March 26, 2026 notice (Exhibit A);

22. Declare that the Guild did not violate the Settlement Agreement by providing reasonable written notice of its intent to terminate the Agreement, consistent with federal labor law;

6

23. Declare that the Post violated the Settlement Agreement and applicable federal labor law by refusing to recognize the lawful termination of the Agreement following receipt of proper and timely notice;

24. Award the Guild its reasonable attorneys' fees and costs incurred in connection with this action; and

25. Grant the Guild such other and further relief as this Court deems just and proper.

Dated: June 2, 2026.

Respectfully submitted,

Michael Melick
/s Michael Melick (DC Bar Number 1028004)
Barr & Camens
1025 Connecticut Ave., N.W., Suite 1000
Washington, D.C. 20036
(202) 293-9222

Amos Laor
/s Amos Laor (DC Bar Number 90025190)
General Counsel
Washington-Baltimore News Guild
1225 I Street NW, Suite 300
Washington, DC 20005
917-937-8639